UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

In re:

SCHWAB INDUSTRIES, INC.,

        Debtor.

------------------------------------------------------

KEYBANK NATIONAL ASSOCIATION

        Plaintiff,

vs.

THE HUNTINGTON NATIONAL BANK, *et al.*,

        Defendants.

------------------------------------------------------

CASE NO. 5:11-MC-00107
BANKRUPTCY CASE NO. 10-60702

OPINION AND ORDER
[Resolving Doc. No. 1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Third-party defendants Jerry A. Schwab, Donna L. Schwab, and David A. Schwab move the Court to withdraw the reference of this proceeding to the bankruptcy court. [Doc. 1]. The motion is unopposed. Because the claims at issue are not core proceedings, and the bankruptcy court cannot adjudicate disputes reserved for Article III courts, *Stern v. Marshall*, 131 S.Ct. 2594 (2011), the Court **GRANTS** the Defendants' motion for withdrawal of bankruptcy reference.

## I. Background

    On February 28, 2010, Schwab Industries, Inc. ("SII") filed a voluntary petition for relief

Case No. 5:11-mc-107
Gwin, J.

under Chapter 11 of the Bankruptcy Code.[1/]  On October 28, 2010, as the administrative agent for itself and other secured creditors of SII (the "lenders"), KeyBank filed an adversary proceeding against Huntington National Bank, saying that under Ohio law, a pre-petition agreement between Huntington and SII (the "split dollar agreement") gave KeyBank a perfected first-priority security interest in premiums paid on certain life insurance policies, or the policies themselves, held by Huntington.  The policies, on the lives of Jerry and Donna Schwab, were held by Huntington as trustee for the Schwab Irrevocable Trust. SSI's assets were sold in May 2010, but the sale did not fully pay the pre-petition secured lenders.  [Bk. Doc. 124, at 2.]

Huntington filed an answer, counterclaim, and third-party complaint against the Schwabs and beneficiaries of the Schwab trust, seeking declaratory judgment concerning the contractual rights of the parties under the various agreements. [Bk. Doc. 15.]  The Schwabs, in turn, filed an answer to the third-party complaint, cross-claimed for declaratory judgment as against KeyBank, and included a breach of trust action under the statutory and common law of Florida. [Bk. Doc. 61.] The Schwabs included a jury demand on all claims.

## II.  Legal Standard

Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  The moving party bears the burden of

---

[1/]The petition was filed along with a number of related petitions from other debtor entities. They are recited in the adversary proceeding complaint. [Bk. Doc. 1.]  As did the bankruptcy court, this Court refers to the debtor entities collectively as "SSI" - they have been consolidated into a single debtor entity pursuant to a confirmation order.

Case No. 5:11-mc-107
Gwin, J.

demonstrating that the reference should be withdrawn. *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir.1996).

The Bankruptcy Code does not define "cause," but courts have developed a non-exhaustive list of factors to consider in determining whether cause exists. These factors include promoting judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985); *see also Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1101–02 (2d Cir.1993); *In re O'Neal*, No. 5:08–MC–00043, 2008 WL 3932153, at *2–3 (N.D.Ohio Aug.20, 2008). In deciding whether to withdraw the reference, a district court should "first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures*, 4 F.3d at 1101. If "one or more of these factors is present, the court may find that cause exists to withdraw the matter." *United States v. Kaplan*, 146 B.R. 500, 504 (D. Mass.1992).

### III. Discussion

The bankruptcy court deemed the adversary proceeding to be core under 28 U.S.C. § 157(b)(2)(A) and (O). This court reviews the bankruptcy court's legal ruling *de novo*. *In re Lowenbraun*, 453 F.3d 314, 319 (6th Cir. 2006). Because these claims exist independently of the bankruptcy proceeding they are not core. Even if they met the statutory definition of "core proceedings," however, they must nonetheless be adjudicated by an Article III court.

A. The Proceeding Is Not A Core Proceeding

Case No. 5:11-mc-107
Gwin, J.

Though the bankruptcy court appears to have accepted, following *In re Wood*, 825 F.2d 90 (5th Cir. 1987), that only claims that would have no existence outside of the bankruptcy may be considered core proceedings arising in a Title 11 bankruptcy case, the bankruptcy court appears to have believed that being intimately involved with a significant portion of the discharge of a debtor's assets was enough to render a claim non-existent outside of the bankruptcy proceedings.  Because the nature of the action was "by a secured creditor seeking to recover an asset," and successful prosecution of KeyBank's claim would enlarge the creditors' trust, the bankruptcy court reasoned, it had "the form of a matter arising in a bankruptcy case."  [Bk. Doc. 124, at 5.]

But "[t]he fact that the resolution of an action may result in more or fewer assets in the estate does not make that action a core proceeding." *In re Martin Designs, Inc.*, No. 08-60431, 2009 WL 2707215, *5 (Bankr. N.D. Ohio Aug. 26, 2009).  Rather, "[a] core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of bankruptcy." *In re Lowenbraun*, 453 F.3d at 320.  And the rights invoked in this proceeding could exist outside of bankruptcy.  KeyBank's claims are based on the 1992 split dollar agreement, which was signed long before the SSI bankruptcy, and arise entirely under state law.  Likewise for Huntington on its declaratory counterclaim.  Similarly, David Schwab's claim against Huntington arises under Florida law and does not derive from the claims adjudication process.  The proceeding is not core, and this threshold factor is cause for withdrawing the reference.  Independent cause is furnished by the Schwabs' jury demand, unaccompanied by any consent to bankruptcy jurisdiction.

B. Article III

Even if the proceeding were core, the bankruptcy court would lack the requisite Article III

Case No. 5:11-mc-107
Gwin, J.

authority to preside. The fact that a proceeding may be statutorily designated as core does not mean that a bankruptcy court may adjudicate it. "Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Stern*, 131 S.Ct. at 2618 (emphasis in original). A claim existing independently of the Bankruptcy Code and derived entirely from state law that "simply seeks to augment the bankruptcy estate . . . must be decided by an Article III court." *Id*. at 2616.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for withdrawal of reference.

IT IS SO ORDERED.


Dated: March 15, 2012                         s/         *James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE