UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

------------------------------------------------------

SCHWAB et al., : CASE NO. 1:11-MC-0107
:
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 16]
KEYBANK NATIONAL ASSOCIATION :
:
Defendant. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In the last remaining claim[1] in this withdrawn bankruptcy reference, Defendant Huntington National Bank as trustee for a family trust moves for summary judgement on a beneficiary's counterclaim alleging mismanagement. [Doc. 16.] The counterclaiming beneficiary, David A. Schwab, opposes the motion.[2] [Doc. 39.] Because Huntington's actions as trustee were well within the ambit of a trustee's responsibilities and discretion, and Schwab fails to establish any genuine issue of material fact that might suggest otherwise, the Court **GRANTS** Huntington's motion for summary judgement and **DISMISSES** the counterclaim.

---

[1] All other claims have been settled pursuant to a joint stipulated dismissal [Doc. 64] as reflected in the remaining parties' position papers. [Docs. 66, 67.]

[2] Defendant Schwab earlier filed a motion for leave to amend his counterclaim after the Court's deadline for amended complaints had passed. The Schwabs have since moved to withdraw their amended counterclaim, [Doc. 69] and that unopposed motion is **GRANTED**. The motion for leave to amend would in any event be properly denied as futile, *see Brown v. Owens Corning Investment Review Committee*, 622 F.3d 564, 574 (6th Cir. 2010). As far as the surviving counterclaim is concerned, the proposed amendments [Doc. 46] merely add Jerry Schwab as a counterclaimant and do not change any of the bases for ruling on Huntington's motion for summary judgment.

-1-

Case No. 1:11-MC-0107
Gwin, J.

## I. Background

Huntington Bank is the trustee of a family trust (the "Trust") established by Jerry A. Schwab for the benefit of his children. [Bk. Doc. 61 at 1-3.] On April 1, 1992, Schwab's company Schwab Industries Inc. ("Schwab Industries") and Huntington's predecessor as trustee entered into a Split Dollar Agreement relating to the payment of premiums on the life insurance policies that fund the Trust. [Doc. 15-1.]

On February 28, 2010, Schwab Industries filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On October 13, 2010, as the administrative agent for itself and other secured creditors of Schwab Industries, KeyBank initiated an adversary proceeding before the bankruptcy court against Huntington Bank, asserting that the Split Dollar Agreement gave KeyBank a perfected first-priority security interest in premiums paid on certain life insurance policies, or the policies themselves, held by Huntington. [Bk. Doc. 1.] As trustee of the Schwab family trust, Huntington disputed KeyBank's alleged security interest and requested that the bankruptcy court enter a declaratory judgment declaring the rights of the parties under the agreement. [Bk. Doc. 9.] Meanwhile, David A. Schwab, a beneficiary of the trust and one of Jerry Schwab's children, brought a counterclaim against Huntington saying that Huntington breached its fiduciary duties as trustee under the statutory and common law of Florida. [Bk. Doc. 61.] On the third-party defendants' motion, [Doc. 1,] this Court withdrew the bankruptcy reference, [Doc. 12].

On July 2, 2012, all parties reached a partial settlement, resolving the disputes over the Split Dollar Agreement and effectively releasing KeyBank from this action. [Doc. 64.] The stipulated partial dismissal leaves David Schwab's counterclaim as the only remaining matter.[3/] [Doc. 64.]

---

[3/] The joint stipulated partial dismissal dismissed Huntington's third-party complaint, therefore mooting the Schwabs' motion for summary judgment. [Doc. 45.]

Case No. 1:11-MC-0107
Gwin, J.

## II. Legal Standard

Where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact" the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). To avoid the entry of summary judgment the non-moving party must do more than "simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Florida trust law[4/] requires a trustee to "administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries . . . ." Fla. Stat. § 736.0801. The trustee bears a duty of loyalty and "shall administer the trust solely in the interests of the beneficiaries." Fla. Stat. § 736.0802(1). Trustees are presumed, however, to act within the ambit of their authority, *In re Ziegler's Trusts*, 157 So. 2d 549, 550 (Fla. Dist. Ct. App. 3d Dist. 1963) ("The presumption is that the trustees will exercise this power in good faith and within the bounds of sound discretion") and Florida law requires courts to restrain themselves to "a limited role in supervising the exercise of the trustee's discretion." *DeMello v. Buckman*, 916 So. 2d 882, 886 (Fla. Dist. Ct. App. 4th Dist. 2005). "A trustee's exercise of its discretion is not subject to control by the court except to prevent an abuse of discretion." *NCNB Nat. Bank of Florida v. Shanaberger*, 616 So. 2d 96, 97-98 (Fla. Dist. Ct. App. 2d Dist. 1993).

---

[4/]The Trust Agreement elects Florida law. [Doc. 16-1.]

Case No. 1:11-MC-0107
Gwin, J.

### III. Analysis

David Schwab filed a five-count counterclaim against Huntington alleging mismanagement of the Trust. [Bk. Doc. 61.] Generally, Schwab says that Huntington breached its duties to the Trust by not defending the trust properly and, at the same time, that Huntington unnecessarily used Trust funds to pay legal fees. Huntington's actions were in service to the best interests of the trust, however, and there is no showing that any action strayed from the expansive ambit of a trustee's discretion. Because Schwab does not show any genuine issue of material fact that would permit a reasonable juror to make a contrary finding, Huntington is entitled to summary judgment.

In Counts I and II, David Schwab says that Huntington breached its duties of good faith and loyalty. Fla. Stat. §§ 736.0801; 736.0802(1). Huntington disagrees, saying that it has "vigorously defended" the Trust against all claims. Specifically, Huntington points out that after Schwab Industries filed bankruptcy, Huntington refused to remit the insurance premiums demanded under the Split Dollar Agreement to KeyBank, and has defended the Trust and its decision in court. [Doc. 16 at 7, 8.]

Schwab fails to show any remaining issue, offering only unsubstantiated allegations disputing that Huntington "vigorously defended" the Trust. Schwab would have preferred that Huntington borrow against the insurance policies themselves to buy the interest claimed by KeyBank, such that "the principal of the Trust would have been preserved and KeyBank would not be able to assert its entitlement to liquidated damages." [Doc. 39 at 7.] But Schwab makes no showing that the Trust would have had any way to repay such a loan or that a lender would have issued a loan. Moreover, Schwab fails to identify any failing in Huntington's chosen course, much less a failing that would overcome the presumption that Huntington acted in the best interests of the trust. He only states that

Case No. 1:11-MC-0107
Gwin, J.

Huntington "failed to act in a reasonably prudent manner." Without particularized support showing that Huntington acted unreasonably, or fell beneath Florida's standard of care, Schwab's hindsight theories on how the Trust might better have been managed are insufficient to carry his burden.

Schwab also says that Huntington stepped out of its role as a fiduciary by requesting that this Court issue a declaratory judgment against the beneficiaries. [Doc. 39 at 6.] This is not so. It is undisputed that Huntington requested that the Court declare the rights of the parties in order to avoid future litigation between KeyBank and the Trust beneficiaries. [Doc. 16 at 8, 9.] This is a reasonable action by Huntington that works to protect the Trust as a whole. Fla. Stat. § 736.0816(23). And again, Schwab fails to respond by showing how a clarifying, cost-saving request for a declaratory judgement might have breached any of Huntington's duties.

Schwab next says that Huntington breached its duty as trustee by failing to inform the beneficiaries of material facts. Schwab cites *Brent v. Smathers*, 547 So. 2d 683 (Fla. Dist. Ct. App. 3d Dist. 1989) for the proposition that Huntington had a duty to notify the beneficiaries that KeyBank was seeking termination of the Trust and attempting to collect Trust property. [Doc. 39 at 6-7.] But *Brent* instructs that a trustee has no affirmative duty to explain transactions to the beneficiaries unless such an explanation was requested or the trustee knew the beneficiaries did not have knowledge of the facts. 547 So. 2d at 685-86. Schwab nowhere suggests that he made a request for information or that Huntington was aware that he lacked knowledge of the KeyBank's actions. Moreover, Schwab fails to show how the information was material; only alleging "[Huntington] failed to notify the beneficiaries of KeyBank's assertion and the potential effect the assertion could have against their interest in the Trust." [Doc. 39 at 7.] Schwab has alleged a breach of duty, but points to no facts that would sideline the general rule that "a trustee is not ordinarily

-5-

Case No. 1:11-MC-0107
Gwin, J.

under a duty to furnish information to a beneficiary," *Brent*, 547 So. 2d at 686.

Schwab also maintains—after alleging Huntington defended the Trust too little—that Huntington over-defended the Trust to avoid liability for itself, accruing excessive attorney fees. Schwab says that Huntington's interests conflicted with the duties owed to the Trust and that it was therefore wrong to pay for legal representation with funds from the Trust. Fla. Stat. § 736.0802(2); *see also Shriner v. Dyer*, 462 So. 2d 1122, 1124 (Fla. Dist. Ct. App. 4th Dist. 1984). But Huntington is authorized by the Trust and by Florida law not only to employ attorneys on Trust affairs, but to advise the trustee on its Trust responsibilities. [Doc. 16-1 at 17]; Fla. Stat. § 736.0816(14), (20) (A trustee can "[p]ay or contest any claim, settle a claim by or against the trust, and release, in whole or in part, a claim belonging to the trust" and can "[e]mploy persons, including, but not limited to, attorneys. . . to advise or assist the trustee in the exercise of any of the trustee's powers and pay reasonable compensation and costs incurred in connection with such employment from the assets of the trust . . . ."). Huntington was authorized to "[p]rosecute or defend, including appeals, an action, claim, or judicial proceeding in any jurisdiction to protect trust property or the trustee in the performance of the trustee's duties." Fla. Stat. § 736.0816(23). There is no genuine dispute of material fact in the record, beyond generalized allegations, that Huntington's use of counsel was within the bounds contemplated by these statutory provisions.[5/]

Similarly, Schwab's excessive payment allegations in Counts III, IV and V are unpersuasive.

---

[5/] Schwab's authority, *Shriner*, 462 So. 2d 1122, does not apply to this action. In *Shriner*, co-trustees were sued in both their individual capacities and in their capacities as trustees. *Id.* at 1124. The court held that the trustees "should have obtained court approval before exercising their trustee power to use trust funds to pay their [individual] attorney's fees" because their individual interests conflicted with their positions as trustees. *Id.* In this case, David Schwab sued Huntington only in its capacity as Trustee. And in any event, Schwab does not provide any specific facts which would indicate a conflict of interest on Huntington's part. His allegation that excessive payments were made does not establish a genuine dispute of material fact and will not preclude summary judgement.

Case No. 1:11-MC-0107
Gwin, J.

In Count III Schwab alleges that Huntington breached its duty to protect the Trust by expending Trust funds through the payment of attorney fees solely to protect itself from liability. In Count IV, Schwab asserts that Huntington breached the provision of the Trust that provides for the trustee to be "reimbursed for all reasonable expenses incurred in the management and protection of the trust" when it charged the Trust for legal fees used to protect itself from liability. And in Count V, Schwab urges the Court to prohibit the payment of attorney fees from Trust assets. But, once again, Huntington's use of attorneys fell well within the specific bounds permitted by statute, Fla. Stat. § 736.0816(14), (20) and Schwab offers no evidence—as he must in order to prevent payment of attorney fees—that might prove otherwise. *See* Covenant Trust Co. v. Guardianship of Ihraman, 45 So. 3d 499, 504 (Fla. Dist. Ct. App. 4th Dist. 2010) ("To obtain an order prohibiting [trustee] from paying any more attorney's fees from the trust assets, section 736.0802(10)(b) state that the "party must make a reasonable showing by evidence in the record or by proffering evidence that provides a reasonable basis for a court to conclude that there was a breach of trust."'" citing Fla. Stat. § 736.0802(10)(b)). Accordingly, Schwab's amorphous excessive payment counterclaims cannot survive summary judgment.

## IV. Conclusion.

Huntington, as trustee, is entitled to a presumption of faithfulness, and it has adduced evidence that its actions as trustee were consistent with fiduciary duties established by Florida law. David Schwab, on the other had, does little to rebut Huntington's motion for summary judgment. He attempts to rehabilitate his counterclaims for mismanagement of the Trust with more allegations, rather than by highlighting specific facts in the record that would create a dispute for trial. Because Schwab fails to carry his burden, the Court **GRANTS** Huntington's motion for summary judgement

Case No. 1:11-MC-0107
Gwin, J.

and **DISMISSES** Schwab's counterclaim.[6]

    IT IS SO ORDERED.


Dated: July 16, 2012                  s/    *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[6] With entry of this Order, Huntington's motion to enjoin the Schwabs from proceeding on these claims in parallel litigation, [Doc. 68],is **DENIED** as moot.